IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. GLR-13-549 |
| NICHOLAS HANNIGAN | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS INDICTMENT

Defendant Nicholas Hannigan, by and through his undersigned counsel, James Wyda, Federal Public Defender for the District of Maryland, and Patrick Kent, Assistant Federal Public Defender, hereby moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to dismiss the pending indictment.

## FACTS

Mr. Hannigan is charged in a one (1) count indictment alleging Malicious Destruction of Real Property by Fire in violation of 18 U.S.C. § 844(i). Specifically, the government alleges that Mr. Hannigan on or about September 1, 2007 was responsible for a fire that occurred at 3916 Myrtle Avenue, Baltimore, Maryland. In 2007, the Baltimore County Fire Department investigation into the fire at 3916 Myrtle Avenue initially concluded that the cause of the fire was undetermined. The undetermined classification was subsequently amended to incendiary. The nature of the fire would have remained undetermined but for the actions of Mr. Hannigan. Mr. Hannigan in his attempt to secure employment with the United States Secret Service allegedly provided a statement as to the fire at 3916 Myrtle Avenue.

On or about August 25, 2011, Mr. Hannigan allegedly confessed to committing the arson while completing a series 1 pre and post test in reference to his application to be a secret service agent. Mr. Hannigan in a written statement purportedly advised that he committed the arson while

he was a volunteer fireman with the English Counsel Fire Department. Mr. Hannigan further allegedly advised that another volunteer firemen along with himself participated in setting the fire at 3916 Myrtle Avenue. Mr. Hannigan advised that other members of the volunteer fire department were pressuring Mr. Hannigan to set his first fire in order to gain their acceptance.

At the time of the fire, the residence was owned by George Corbett. Mr. Corbett had purchased the house on or about June 1, 2007. Mr. Corbett advised investigators that the house was vacant at the time of the fire as he was renovating the house with the intention of renting it upon completion of the renovations. Renovations to the residence began on or about July, 2007. Mr. Corbett advised investigators that he paid three workers in cash to remodel the house. At the time of the fire, the plaster and wallboard at the residence had been removed in anticipation of the installation of insulation. Upon the conclusion of the installation of the insulation, it was intended that the drywall would be reinstalled. Mr. Corbett advised that there was no electricity in the residence other than a temporary electric line being installed by use of an extension cord in the basement running to the first floor. BGE personnel on the scene at the time of the fire advised that the house was energized and service was in the name of the prior owner.

As to insurance coverage, the residence was insured with a rental policy by the Hartford Insurance Company. As to financing of the residence, Mr. Corbett advised that he obtained the money to purchase and remodel the house by refinancing his mortgage at his primary residence. (128 American Avenue). Finally, Mr. Corbett advised that he planned on completing the renovations by December 1, 2007 or January 1, 2008. Hartford Insurance Company paid out $119,783.73 to Mr. Corbett to satisfy his loss claim.

On April 4, 2008, Hartford Insurance Company advised that they would not renew the insurance policy for 3916 Myrtle Avenue as Mr. Corbett had failed to advise that the property would be vacant during the period as to when the fire and subsequent loss occurred at the property. Hartford Insurance Company further advised that they would not have issued the insurance policy as to 3916 Myrtle Avenue had Mr. Corett advised that residence would be vacant during the period of coverage. The anticipated period of vacancy would have stretched from July, 2007 until the anticipated finish of December 2007 or January 2008.

Even if the government's allegations as to the conduct of Mr. Hannigan as to participating in a fire at 3916 Myrtle Avenue are assumed to be true, Mr. Hannigan's conduct does not violate 18 U.S.C. § 844(i) because the jurisdictional requirement that the property enter the stream of commerce never occurred in the above captioned case.

## II. LAW/ARGUMENT

**A.**   **Section 844(i) prohibits the arson or attempted arson of property "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce**

As noted in *Jones v. United States,* 529 U.S. 848, 859 (2000)*,* the Supreme Court held that § 844(i) covered only property currently used in commerce or in an activity affecting commerce, and that an owner-occupied home used as a dwelling place for everyday family living is not property "used in interstate commerce." The Supreme Court in *Jones* set forth a two-step inquiry to determine whether a building subject to arson is covered by the federal arson statute. The Supreme Court agreed that a Court must first look to "the function of the building itself, and then [ make] a determination of whether that function affects interstate commerce." Id. at 854.

3

In this case, the vacant property undergoing renovation never entered the stream of commerce as a rental unit and could neither have impacted interstate commerce nor have in anyway been used in an activity affecting interstate commerce. The undisputed facts inextricably lead to the conclusion that there is no federal jurisdiction in the above captioned case.[1] The Fourth Circuit case of *U.S. v. Parsons,* 993 F.2d 38 (4th Cir. 1993) is instructive as to whether a property sufficiently retains its status as a rental property to be considered within the stream of commerce satisfying the jurisdictional nexus. The Court concluded that property in question was an active rental property because:

> We believe that the jury's finding that the property was "rental property" at the time of the fire clearly passes muster. First, the house had been used as rental property for two to three years before the fire. Even though it was vacant at the time of the fire, vacancy alone does not constitute a "removal" from the rental market. See *United States v. Doby*, 872 F.2d 779 (7th Cir.1989) (property in interstate commerce when its owner burned a two-unit apartment building that had been vacant for six months but never taken off the rental market); *United States v. Mayberry*, 896 F.2d 1117 (8th Cir.1990) (temporary closure of a previously going commercial enterprise does not defeat the claim that interstate commerce is affected under § 844( I)). Second, at the time of the arson, the 30th Street house was insured as rental property. Third, once the jury concluded that Parsons commissioned the arson (a decision supported by sufficient evidence), it was certainly rational to also conclude that Parsons never intended to move into the house or to remove it from the rental market. Simply put, the jury concluded that she planned to have the house burned and that the Broadway notice was merely a cover. *Parsons* at 41.

*Parsons* is clearly distinguishable as the property in question in the above captioned case never entered the stream of commerce as a functioning rental unit. 3916 Myrtle Avenue at the time of the fire was simply not capable of habitation let alone rental. Whether it would have ever entered the stream of commerce is simply speculative. Since it is uncontested that the property never entered

---

[1] Of course, the Government is free to prosecute Mr. Hannigan in State Court as there is no interstate commerce jurisdictional requirement and the Government has no statute of limitations issues precluding state prosecution.

the stream of commerce as a functional rental unit, there is simply no jurisdictional basis for the government to continue with the prosecution in the above captioned case.

As noted by the Supreme Court in *Jones*, "We conclude that §844 (I) is not soundly read to make every arson in the country a federal offense. We hold that the provision covers only property currently used in **commerce** or an activity affecting **commerce**." *Jones* at 859. Consequently. the Court in *Jones* vacated the conviction holding that §844(i) does not cover the arson of a owner-occupied dwelling that involves no rental activity.

The Supreme Court in *Jones* in vacating the conviction was careful to note that if the Court adopted the " Government's expansive interpretation of §844(i), hardly a building in the land would fall outside the federal statute's domain. Practically every building in our cities, towns and rural areas is constructed with supplies that have moved in interstate commerce, served by utilities that have an interstate connection, financed or insured by enterprises that do business across state lines or bears some other trace of interstate commerce." *Jones* at 857.

In this case, it is uncontested that the property in question never entered the stream of commerce as a functional rental property. That the owner of the property anticipated that the property at some point in the future would potentially enter into the stream of commerce does not satisfy the jurisdictional requirement.

WHEREFORE, the Defendant requests that this Court grant the motion to dismiss the indictment on the grounds alleged herein and any other ground that may become apparent upon a hearing on the motion.

        Respectfully submitted,

        JAMES WYDA
        Federal Public Defender

        _____/s/_____
        PATRICK KENT
        Assistant Federal Public Defender
        100 South Charles Street
        Tower II, Ninth Floor
        Baltimore, Maryland  21201
        (410) 962-3962

## POINTS AND AUTHORITIES

1. *Jones v. United States*, 529 U.S. 848 (2000).

2. *United States v. Parsons*, 993 F.2d 38 (4th Cir.1993)

/s/
Patrick Kent
Assistant Federal Public Defender

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on the defendant's Motion.

/s/
Patrick Kent
Assistant Federal Public Defender